*CHANDLER & AL. GARNIER.*

Eastern Dist.
March, 1828.

APPEAL from the court of the first district.

Lenders on bottomry & respondentia are liable to contribution on general average.

MATHEWS J. delivered the opinion of the court. This suit is brought by the owners of a brig called the Samuel, to recover from the defendant an amount which they allege he is liable to pay on general average, in consequence of sacrifices made for the preservation of the vessel and cargo. He contends, in his answer, that the adjustment of average was incorrectly made, in two respects: 1st, by enlarging the sacrifice or loss by the addition of pilotage and steam boat hire for towing the vessel from the Balize to N. Orleans. 2d, In exempting from contribution, the freight, to the amount of a bottomry bond, by which the brig and freight were hypothecated to certain lenders on marine interest, in the city of Bordeaux and kingdom of France. A legal tender is made of the sum which the defendant acknowledges to be due; but is something less than that which was adjudged to the plaintiffs by the court below. We find on the record what is there called, an "amended statement of average," in which the sum of $300, for the hire of the steam boat, and $8 charged by the pi-

Eastern Dist.
March, 1828.

CHANDLER
& AL.
vs.
GARNIER.
lot for detention, are deducted from the a-mount sacrificed or necessarily lost, according to the adjustment on which the action is founded. Both parties were dissatisfied with the judgment of the district court, and both appealed.

The case presents two questions—one of fact—the other of law. That of fact arises out of the evidence which relates to the necessity of having the brig towed from the Balize to New-Orleans, as a means of preservation from imminent danger of destruction of vessel and cargo. From the testimony of the cause, the court below seems to have been of opinion, that no absolute necessity of this kind did really exist, and consequently, the expense incurred should be borne by the owners, as is customary in ordinary occurrences. With regard to this question in the case, after strict examination of the whole evidence, we do not find the facts therein disclosed, so conclusive in their nature, as to cause us to make deductions different from those which seem to have governed the judge *a quo* in rendering his judgment.

If the case were to be governed by the general law of merchants, unincumbered by de-

Eastern Dist.
*March,* 1828.

CANDLER
& AL.
vs.
GARNIER.

cisions of the tribunals of England, apparently made in pursuance of the law in that country on the subject of bottomry and respondentia, and freed from some *obiter dicta,* to be found in the decisions of causes made by the courts of the United States, in relation to insurance, the legal question which it presents would be of easy solution: *Vide M. Insur. Bac.* 6; *Park do. c.* 21; *Pell. do. p.* 302; 2 *John. Cases, p.* 252.

It may be laid down as a general rule, recognized and established by all authors on the subject of commerce, that ship, freight and cargo are bound to contribute, in gross, or general average. In opposition to this general principle, an exception is claimed by the plaintiffs, as being supported by English and American decisions, which establish the doctrine, that lenders on bottomry and *respondentia* are free from contribution in case of general average. Now, if this doctrine be correct in any point of view, (which, in our opinion, can hardly be admitted) it can only be justly invoked for the protection of lenders; which can never be necessary, unles the value of the vessel and freight hypothecated, should prove inadequate to pay the money borrowed, after deducting the rate-

able contribution to be made, from said balance.

CANDLER
& AL.
vs.
GARNIER.

According to the evidence in the present case, it is clear that more than sufficient to pay off the bond would remain, of the value of the brig and freight, after deducting the amount which they are bound to contribute on gross average; this contribution should, therefore, be first made, and the bottomry bond be discharged from the remainder.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be avoided, reversed and annulled; and it is further ordered, adjudged, and decreed, that the plaintiffs recover from the defendant the sum of eighty-one dollars and thirty-three cents, and that the defendant pay all costs which accrued in the prosecution of the suit up to the time of the tender made; the plaintiffs to pay all subsequent costs, as well as those of appeal.

*Pierce* for the plaintiff, *Strawbridge* for the defendant.